UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------x

_Furlong_,

          Plaintiff(s),    :   __ Civ. ____ (WP4)(LMS/MDF/GAY)

-against-

_Gibson, et al_,    :   PRELIMINARY ORDER
IN CASE DESIGNATED TO
WP4 CALENDAR

          Defendant(s).    :   **07 CIV. 3825**

------------------------------------------------x

### ORDER TO PREPARE CIVIL CASE MANAGEMENT PLAN

Pursuant to Standing Order M-10-468, signed by Chief Judge Kimba M. Wood on December 18, 2006, effective January 2, 2007 ("the Standing Order"), all civil cases assigned to the WP4 docket are automatically referred to the designated Magistrate Judge for all purposes permitted by law; all pretrial proceedings in such cases will be held before the designated Magistrate Judge. The instant Order shall issue in each such case upon designation and automatic referral, and the Clerk shall deliver (1) the instant Order, along with a copy of (2) the Standing Order, and (3) a Consent to Proceed Before a United States Magistrate Judge form to Plaintiff's counsel upon filing. Plaintiff's counsel is required to serve a copy of (1) this Order, (2) the Standing Order, and (3) a Consent to Proceed Before a United States Magistrate Judge form on any other party in this case, either by serving them along with the Summons and Complaint, or, if service of the Summons and Complaint has been effected before receipt of this Order, by service upon counsel after receipt of the Answer or its equivalent. This Order shall be signed by

all three Magistrate Judges, and a photocopy or facsimile (including digital scan) of the signature page shall be sufficient to apply to all relevant cases.

In every WP4 case, except those exempted by action of Fed. R. Civ. P. 26(a)(1)(E), the parties are required to confer and prepare a case management plan, the outlines of which are set forth in the draft Civil Case Management Plan appended hereto. If the parties can agree upon such a plan it will ordinarily be incorporated into a Civil Case Management Plan Order to be issued at the initial pretrial conference; such an agreed-upon plan shall be submitted to the Court at the time of the initial pretrial conference, which will ordinarily be scheduled approximately 60 days after the initial Complaint is filed. The proposed case management plan shall provide for prompt exchange of disclosures required by Rule 26(a)(1), as well as for prompt completion of discovery, which is ordinarily within six months of the initial pretrial conference. Otherwise, the Court will impose a schedule at the initial pretrial conference.

Pursuant to Fed. R. Civ. P. 26(f), the parties shall also consider (1) the nature and basis of their claims and defenses; (2) the possibilities for prompt settlement or resolution of the case; (3) any issues relating to preservation of discoverable information, including electronically stored information; (4) any issues relating to discovery of electronically stored information, including the costs of production and the form(s) in which such discovery should be produced. Any agreement about these matters shall be incorporated into the Civil Case Management Plan. If there is a particular category or quantum of discovery which is necessary in order for the parties to be able to consider settlement prior to the completion of all discovery, that category or quantum of discovery should be specifically identified in the Civil Case Management Plan and shall be scheduled for completion as early as possible in the discovery process.

Any request for an adjournment or other scheduling change requires counsel to set up a conference call with the Chambers of the designated Magistrate Judge, with all counsel on the line, in order to expedite such scheduling changes.

The draft Civil Case Management Plan is available on the Court's website, and may be downloaded from any of the White Plains Magistrate Judge's individual practices pages for use in preparing a Civil Case Management Plan. See www.nysd.uscourts.gov.

## DISCOVERY ORDER

In order to facilitate the progress of pre-trial discovery of this litigation in a just, speedy and inexpensive manner, to insure compliance with the case management plan, and to prevent the accumulation of unresolved discovery issues, the following procedures will be followed for the resolution of discovery disputes:

The party objecting to disclosure, claiming an insufficient response to a discovery request, or asserting a privilege bears the burden of coming forward by bringing the dispute to the attention of the Court as hereinafter set forth.

The objecting party has <u>3 business days</u> to attempt an amicable resolution of the dispute. If the dispute is not affirmatively resolved within 3 business days, the objecting party then has <u>5 business days</u> to bring the issue to the attention of the Court by a letter brief limited to two (2) double spaced pages. Opposing parties have <u>5 business days</u> thereafter to submit a two (2) page double spaced answering letter brief. If appropriate, counsel may annex to the letter briefs relevant portions (only) of relevant documents. Written replies will not be accepted. If the Court deems it necessary, the parties will have an opportunity to make oral replies to points made in the letter briefs on the return day of the matter.

3

When a legal privilege is asserted as a basis for refusing to comply with a discovery demand, the party asserting the privilege has 3 business days to attempt an amicable resolution of the dispute. If the dispute is not affirmatively resolved within 3 business days, the party asserting the privilege then has 5 business days to bring the issue to the attention of the Court by a letter brief limited to two (2) doubled spaced pages, accompanied by a privilege log in full compliance with Local Civil Rule 26.2(a)(1) and (2), and an *in camera* submission of legible copies of any material to which the privilege is asserted. If disclosure of the privilege would result in a revelation of privileged information, the party asserting the privilege shall file the log *in camera* with the Court, and serve a redacted log on the adverse party. Opposing parties have 5 business days to serve and file an answering two (2) page double spaced letter brief. No written replies will be accepted. If the Court deems it necessary the parties will have an opportunity to make oral replies to points raised in the letter briefs on the return day of the matter.

A dispute arises on the day when the discovery request or discovery response objected to is received by the adverse party. The time for asserting a privilege starts 5 business days from the day when counsel for the objecting party receives the documents from his or her client, but in no event more than 30 days from the date when the documents are demanded, unless otherwise ordered by the Court.

The time limitations set forth herein and in scheduling orders made by the Court, whether oral or in writing, are to be strictly observed, and the parties and counsel are not authorized to extend any of the set time limitations without the prior approval of the Court. Any objection to discovery which is not raised within these time limitations will be waived.

On matters assigned for pre-trial supervision any party wishing to file objections to a discovery ruling entered orally on the record shall, on the day of the ruling, order a transcript of the record setting forth the ruling. The transcript shall be ordered on a <u>two (2) day expedited</u> basis. The party shall then have <u>ten (10) days</u> from the date of the receipt of the record to file the objections with the Clerk of the Court, who shall refer the objection to an available District Judge. A failure to order the record in accordance with these directions may result in a failure to timely file objections.

The attention of counsel and the parties is respectfully directed to Federal Rule of Civil Procedure 30 (d) regarding the conduct of depositions. If a privilege objection is raised at a deposition counsel are directed to contact chambers by telephone from the deposition for a ruling.

## CONCLUSION

This constitutes the applicable Order for establishing a Case Management Plan and for dealing with discovery disputes in this action.

Dated: January 8, 2007
White Plains, New York

SO ORDERED:

_____
MARK D. FOX
United States Magistrate Judge

_____
LISA MARGARET SMITH
Chief United States Magistrate Judge

_____
GEORGE A. YANTHIS
United States Magistrate Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------x

_____,    :

              Plaintiff(s),    :    \_\_ Civ. \_\_\_\_ (WP4)(LMS/MDF/GAY)

-against-    :

_____,    :

              Defendant(s).    :

------------------------------------------------x

## CIVIL CASE MANAGEMENT PLAN

1. This case is/is not to be tried to a jury.

2. Initial disclosures pursuant to Fed.R.Civ.P. 26(a)(1) have been exchanged *or* shall be exchanged by _____, which is within 30 days after service on the last defendant to be served.

3. No additional parties may be joined after _____.

4. No pleading may be amended after_____.

5. All discovery, *including expert discovery*, must be completed on or before _____. (For personal injury, civil rights, employment discrimination or medical malpractice cases only): Plaintiff's deposition shall be taken first, and shall be completed by _____. (In other types of cases the depositions will proceed in whatever order they are noticed and there is no requirement for plaintiff's deposition to take place first). PLEASE NOTE: the phrase "all discovery, including expert discovery" means that the parties must select and disclose their experts' identities and opinions, as required

by Fed. R. Civ. P. 26(a)(2)(B), *well before* the expiration of the discovery period. Expert disclosures conforming with Rule 26 of all information except the expert reports must be made no later than _____, and will be made simultaneously. Disclosures of the expert reports must be made no later than _____. Expert depositions must be completed by _____. Supplemental expert reports, if any, must be exchanged no later than _____.

      6. The following discovery is necessary in order for the parties to be able to consider settlement prior to the completion of all discovery: _____

_____

and it will be completed no later than _____, after which the parties may request a settlement conference.

      7. Any *in limine* motions, as well as proposed *voir dire* questions and proposed jury instructions, shall be served and filed no later than 60 days after the close of discovery. No pretrial order will be required unless specifically ordered by the Court.

      8. No motion for summary judgment may be served after the date the pre-trial submissions are due. *The filing of a motion for summary judgment does not relieve the parties of the obligation to file the pre-trial submissions on the assigned date in the absence of an Order providing such relief.* Any opposition to a summary judgment motion shall be served and filed no later than 60 days after service of the motion; reply papers, if any, shall be served and filed no later than 10 days after service of the opposition. Page limits for such motions are governed by the designated Magistrate Judge's individual practices.

      8. Discovery disputes will be resolved under the White Plains Magistrate Judges' standard Discovery Order. The existence of a discovery dispute will not result in any extension

of the discovery deadline or trial-ready date.

9. This scheduling order may be altered or amended only on a showing of good cause not foreseeable at the time this order is entered. Counsel should not assume that extensions will be granted as a matter of routine.

10. Counsel must confer about the prospect of consenting to the jurisdiction of the designated Magistrate Judge for all purposes, including trial, pursuant to 28 U.S.C. §636(c). If the parties consent, then all proceedings, including trial, will take place before the designated Magistrate Judge. Consent forms for this purpose are available on the Court's website, and consent may occur at any time during the proceedings.

Dated: _____
   White Plains, New York

                        SO ORDERED:

                        _____
                        United States Magistrate Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
IN THE MATTER of the ADMINISTRATION
of the CIVIL DOCKET at the WHITE PLAINS
COURTHOUSE

**STANDING ORDER**

**M10-468**

-----------------------------------------------------------x
HON. KIMBA M. WOOD,
Chief United States District Judge

This Order applies to the administration of civil cases at the United States District Court at White Plains, New York and shall remain in effect subject to the further Order of this Court until such time as a third Active Status District Judge is assigned to the White Plains Courthouse.

1) Effective January 2, 2007, a WP-4 Docket for Civil Cases will be reopened. One-third of new civil case filings (net of Judge Conner's monthly case draw) will be assigned by random to Docket WP-4.

2) Immediately upon filing, all cases on WP-4 shall be referred by the Clerk of the Court under the authority of this Standing Order to one of the three resident United States Magistrate Judges at White Plains for all purposes permitted by law, including case management to insure prompt trial readiness.

3) Trial Consents will be sought by the assigned Magistrate Judge; if refused as to a trial ready case, such case will be reassigned at random from the WP-4 Docket to a resident District Judge at White Plains.

1

4) All actions taken pursuant to this Standing Order will be monitored by the resident Judges at White Plains together with the Chief Judge to consider any adjustments or other actions which may be appropriate.

Questions concerning this matter may be directed to Robert Rogers, Deputy-in-Charge of the White Plains Courthouse at (914) 390-4000.

SO ORDERED.

Dated: New York, New York
       December 18, 2006

Hon. Kimba M. Wood, Chief
United States District Court Judge
Southern District of New York

AO 85 (Rev. 8/98) Notice, Consent, and Order of Reference — Exercise of Jurisdiction by a United States Magistrate Judge

# UNITED STATES DISTRICT COURT

_____ District of _____

Plaintiff
V.

Defendant

NOTICE, CONSENT, AND ORDER OF REFERENCE —
EXERCISE OF JURISDICTION BY A UNITED STATES
MAGISTRATE JUDGE

Case Number:

## NOTICE OF AVAILABILITY OF A UNITED STATES MAGISTRATE JUDGE TO EXERCISE JURISDICTION

In accordance with the provisions of 28 U.S.C. §636(c), and Fed.R.Civ.P. 73, you are notified that a United States magistrate judge of this district court is available to conduct any or all proceedings in this case including a jury or nonjury trial, and to order the entry of a final judgment. Exercise of this jurisdiction by a magistrate judge is, however, permitted only if all parties voluntarily consent.

You may, without adverse substantive consequences, withhold your consent, but this will prevent the court's jurisdiction from being exercised by a magistrate judge. If any party withholds consent, the identity of the parties consenting or withholding consent will not be communicated to any magistrate judge or to the district judge to whom the case has been assigned.

An appeal from a judgment entered by a magistrate judge shall be taken directly to the United States court of appeals for this judicial circuit in the same manner as an appeal from any other judgment of this district court.

## CONSENT TO THE EXERCISE OF JURISDICTION BY A UNITED STATES MAGISTRATE JUDGE

In accordance with provisions of 28 U.S.C. §636(c) and Fed.R.Civ.P. 73, the parties in this case consent to have a United States magistrate judge conduct any and all proceedings in this case, including the trial, order the entry of a final judgment, and conduct all post-judgment proceedings.

| Party Represented | Signatures | Date |
|---|---|---|
| _____ | _____ | _____ |
| _____ | _____ | _____ |
| _____ | _____ | _____ |
| _____ | _____ | _____ |

## ORDER OF REFERENCE

IT IS ORDERED that this case be referred to _____ United States Magistrate Judge, to conduct all proceedings and order the entry of judgment in accordance with 28 U.S.C. §636(c) and Fed.R.Civ.P. 73.

_____         _____
Date                                    United States District Judge

**NOTE: RETURN THIS FORM TO THE CLERK OF THE COURT <u>ONLY IF</u> ALL PARTIES HAVE CONSENTED ON THIS FORM TO THE EXERCISE OF JURISDICTION BY A UNITED STATES MAGISTRATE JUDGE.**