

# STATE OF NEW YORK
## OFFICE OF THE ATTORNEY GENERAL

ANDREW M. CUOMO
ATTORNEY GENERAL

DIVISION OF STATE COUNSEL
LITIGATION BUREAU

Writer's Direct Dial:
(212) 416-8568

August 3, 2007

The Honorable George A. Yanthis
United States Magistrate Judge
United States Courthouse
300 Quarropas Street
White Plains, New York 10601

    Re:    *Furlong v. Gibson*, 07-CV-3825 (GAY)

Dear Judge Yanthis:

    The Attorney General represents the defendants in this action—the State of New York, the New York State Division of Human Rights (the Division), and its Commissioner, Kumiki Gibson. Seeking dismissal of the complaint under Rule 12(b)(1) and (6) of the Federal Rules of Civil Procedure, we write pursuant to Your Honor's individual rules to request a pre-motion conference. This letter constitutes defendants' timely response to the complaint.

*Background*

    In July 2002, then Governor George E. Pataki appointed plaintiff to serve as the Division's Deputy Commissioner for Administration. Four years later, Eliot Spitzer was elected Governor, and over the next few months, he appointed new commissioners to serve in his administration. He appointed Commissioner Gibson, a woman of African-American and Japanese descent, to head the Division effective January 1, 2007, and the Senate unanimously confirmed her.

    Even though plaintiff was a holdover appointee in a top policy-making job, Commissioner Gibson gave her a full opportunity to demonstrate that she was committed to contributing effectively to the Division's work under the new Governor and Commissioner. She failed to do so, however, and agreed to resign on February 20, 2007. Three weeks later, plaintiff filed a charge with the U.S. Equal Employment Opportunity Commission (EEOC) accusing the

Motion to dismiss in lieu of answer may be filed within 30 days of date of this Order. Leua A. Guthin, USMJ, 8/14/07

Hon. George A. Yanthis
Aug. 3, 2007
Page 2

Division of *sex* discrimination, and her lawyer publicized her filing. (Cplt. ¶ 7.) In May, without waiting for the EEOC to respond, plaintiff filed this action.

According to the complaint, Commissioner Gibson, a "person of color," terminated plaintiff, a 63 year old "female Caucasian" (Cplt. ¶ 3), as part of the Commissioner's "race and age-related hiring policy," under which she has "consistently hired young Caucasian males who are self-proclaimed . . . homosexuals." (Cplt. ¶ 8.) Commissioner Gibson allegedly announced this policy during a conference call in which she purportedly told her staff that she wanted to hire "young" and "energetic" people and to "diversify" the Division's "workplace." (Cplt. ¶¶ 6, 8.) Specifically, plaintiff asserts a retaliation claim under Title VII of the Civil Rights Act against the State and the Division, claiming that she was denied unemployment benefits after defendants (allegedly angry that she had filed her EEOC charge) falsely report[ed]" to the Department of Labor that she was fired for misconduct and so was ineligible. (Cplt. ¶¶ 2, 11-12.) Against Commissioner Gibson individually, plaintiff asserts a claim under 42 U.S.C. § 1981, for "reverse discriminatory conduct," and an equal protection claim under 42 U.S.C. § 1983. (Cplt. ¶¶ 13-16.) All of these claims should be dismissed.

*Legal basis for the Motion to Dismiss the Complaint*

Dismissal of plaintiffs' Title VII retaliation claim is required for several reasons. To begin with, this Court lacks jurisdiction because plaintiff has failed to exhaust her administrative remedies. Her EEOC charge is limited to sex discrimination; it includes no retaliation claim. And that charge is far from exhausted: the EEOC has not yet issued a right to sue letter, and plaintiff filed her EEOC charge less than 180 days ago. *See Legnani v. Alitalia Linee Aeree Italiane, S.P.A*, 274 F.3d 683, 686 (2d Cir. 2001) (per curiam).

Moreover, even if this Court *could* hear plaintiff's Title VII retaliation claim, it fails as a matter of law for two reasons. First, plaintiff was a political appointee who served at the Governor's pleasure in a high level policy making position, and such persons are expressly exempt from Title VII protection. 42 U.S.C. § 2000e(f). Second, even if the Division had told the Department of Labor that it fired plaintiff for misconduct (which it did not), opposing a former employee's application for unemployment benefits is *not* an adverse employment action. *Roman v. Cornell Univ.*, 53 F. Supp. 2d 223, 245 (N.D.N.Y. 1999); *Sergilus v. Covenant House Under 21*, 1999 U.S. Dist. LEXIS 14234, at *10-11 (S.D.N.Y. 1999). That is especially so here because the Department of Labor—*two weeks before* plaintiff filed her complaint—determined that she is eligible for unemployment benefits. *See Khan v. United Recovery Sys., Inc.*, 2005 U.S. Dist LEXIS 4980, at *36-38 (S.D. Tex. Feb. 28, 2005).

Dismissal of plaintiff's § 1981 claim also is required because she fails to allege that Commissioner Gibson discriminated against her because of race or national origin, the only discrimination actionable under § 1981. As noted, plaintiff's EEOC charge—based on allegations identical to those in her complaint—alleges only *sex* discrimination, not race

Hon. George A. Yanthis
Aug. 3, 2007
Page 3

discrimination. Insofar as plaintiff purports to state a race-based claim, however, her complaint's own allegations defeat it. She alleges that Commissioner Gibson implemented an anti-white policy by hiring white males. (Cplt. ¶ 8.) Plainly, that does not state a claim that Commissioner Gibson discriminates against whites. Commissioner's Gibson's alleged remarks during the conference call are an insufficient basis for a "plausible" claim that Commissioner Gibson fired plaintiff because she is white. See Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955, 1974 (2007) (complaint should be dismissed for failure to state a claim unless it alleges "enough facts to state a claim to relief that is plausible on its face" and noting that allegations that are "merely conclusory, unwarranted deductions of fact, or unreasonable inferences" do not suffice).

Plaintiff's claim under 42 U.S.C. § 1983 for an alleged equal protection violation must also be dismissed. Insofar as it is based on race discrimination, it fails for the same reasons as her § 1981 claim. See Butts v. New York City Dep't of Hous. Pres. & Dev., 2007 U.S. Dist. LEXIS 6534, at *24 n.10 (S.D.N.Y. Jan. 29, 2007).

To the extent that plaintiff is attempting to assert a § 1983 claim for age discrimination, that claim also fails as a matter of law. The Age Discrimination in Employment Act (ADEA), 29 U.S.C. §§ 621-634, is the exclusive federal remedy for claims of age discrimination in employment, see Zombro v. Baltimore City Police Dep't, 868 F.2d 1364 (4th Cir.), cert. denied, 439 U.S. 850 (1989), and plaintiff can pursue an ADEA claim neither against the State defendants, McGinty v. New York, 251 F.3d 84, 92 (2d Cir. 2001), nor Commissioner Gibson. Martin v. Chemical Bank, 1997 U.S. App. LEXIS 32022, at *8-9 (2d Cir. 1997).

Finally, Commissioner Gibson is entitled to qualified immunity because it was objectively reasonable for her to believe that she was violating no clearly established constitutional right. Johnson v. Newburgh Enlarged Sch. Dist., 239 F.3d 246, 250 (2d Cir. 2001).

\* \* \*

In sum, plaintiff's complaint pleads no legally cognizable claim under Title VII, § 1981, or § 1983, and this Court should dismiss it. Accordingly, defendants request a pre-motion conference at the Court's convenience. (I respectfully note, for scheduling purposes, that I have previously scheduled vacations from August 6-10 and from August 20-September 3.

Respectfully submitted,

Peter Sistrom
Assistant Attorney General

Cc:   Jonathan Lovett, Esq