UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------x

MARTHA FURLONG,

                Plaintiff,

                07 Civ. 3825 (KMK)(GAY)

-against-

KUMIKI GIBSON, individually, the
STATE OF NEW YORK, and the NEW
YORK STATE DIVISION OF HUMAN
RIGHTS,

                Defendants.

**FIRST AMENDED COMPLAINT**

**Jury Trial Demanded**

----------------------------------------------------------x

      Plaintiff MARTHA FURLONG, by her attorneys Lovett & Gould, LLP, for her first amended complaint respectfully states:

### NATURE OF THE ACTION

      1. This is an action for monetary damages, proximately the result of conduct engaged in by Defendants while acting under color of the laws of the State of New York, for violations of Plaintiff's rights as guaranteed by 42 U.S.C. §1981 and 42 U.S.C. §1983.

### JURISDICTION

      2. The Court's jurisdiction is invoked pursuant to 28 U.S.C. §§1331, 1343. On or about March 7, 2007, she duly filed a Charge of Discrimination with the United States Equal Employment Opportunity Commission. Within a matter of weeks following that filing Defendants took causally related retaliatory action against Plaintiff by falsely

reporting to the New York State Department of Labor that she had been discharged for misconduct. As a result of that false report Plaintiff was denied unemployment insurance benefits on or about April 10, 2007 by the Department of Labor.

## THE PARTIES

3. Plaintiff MARTHA FURLONG is a sixty-three year old female Caucasian who until February of 2007 was employed as a member of the staff of the New York State Division of Human Rights.

4. Defendant KUMIKI GIBSON (hereinafter "Gibson"), who is sued in her individual and personal capacities only, effective on or about January 1, 2007, was duly appointed by the Governor of the State of New York as Commissioner of the said Division of Human Rights. Gibson accurately self-describes as a "person of color".

5. Defendant STATE OF NEW YORK has, by means of the New York State Executive Law, created and operates the Defendant DIVISION OF HUMAN RIGHTS (hereinafter "Division").

## THE FACTS

6. On or about February 9, 2007, Gibson held a telephone conference with approximately one hundred eighty Division staff members at which time she informed them that: i) she is a "person of color"; ii) she wants to hire "young" people; iii) she wants to hire "energetic" people; iv) she intends to diversify the Division workplace; v) that prospectively the Division will only provide services to "poor people"; vi) and that Michele Heitzner (female, Caucasian, over the age of sixty) and Plaintiff's employment

with the Division were being terminated by her. Both Heitzner and Plaintiff's employment with the Division were then terminated by Gibson.

7. Following their terminations both Heitzner and Plaintiff duly filed Charges of Discrimination with the Equal Employment Opportunity Commission in which they set forth in detail the discriminatory details (age, race) of Gibson's February 7, 2007, pronouncement - - circumstances that became the subject of a nationwide news report entitled "TOO OLD, TOO WHITE" published by the New York Post.

8. As a consequence of that news report Gibson embarked upon a strategically designed course of conduct intended to deflect her February 7, 2007, race and age-related hiring policy as a result of which she has consistently hired young Caucasian males who are self-proclaimed (in the Division workplace) homosexuals.

9. Following the termination of Plaintiff's employment she applied for unemployment insurance benefits which were on April 10, 2007, initially denied as a result of Defendants' calculatedly false report that Plaintiff had been terminated from the employ of the Division due to "misconduct". That false report was motivated in whole and/or substantial respect by reason of Plaintiff's filing of her EEOC Charge of Discrimination.

10. As a proximate result of Defendants' conduct Plaintiff has been caused to suffer: pecuniary loses including lost salary, retirement and other fringe benefits; public humiliation; public embarrassment; public shame; emotional upset; anxiety; irreparable damage to her professional career; discrimination by reason of her race; discrimination by reason of her gender; and has otherwise been rendered sick and sore.

### AS AND FOR A FIRST CLAIM AGAINST THE STATE OF NEW YORK AND THE DIVISION

11. Repeats and realleges as if fully set forth the allegations of fact contained in paragraphs "1" to "10", inclusive.

12. Under the premises Gibson's reverse discriminatory conduct violated Plaintiff's rights as guaranteed by 42 U.S.C. §1981.

### AS AND FOR A SECOND CLAIM AGAINST GIBSON

13. Repeats and realleges as if fully set forth the allegations of fact contained in paragraphs "1" to "10", inclusive.

14. Under the premises Gibson's conduct violated Plaintiff's right to Equal Protection as guaranteed by 42 U.S.C. §1983.

WHEREFORE a judgment is respectfully demanded:

    a. Awarding against the State and the Division such compensatory damages as the jury may determine,

    b. Awarding against Gibson such compensatory and punitive damages as the jury may determine,

    c. Awarding reasonable attorney's fees and costs, and,

d. Granting such other and further relief as to the Court seems just and proper.

Dated: White Plains, N.Y.
      September 28, 2007

                                      LOVETT & GOULD, LLP
                                      By: _____
                                            Drita Nicaj (DN 0966)
                                      Attorneys for Plaintiff
                                      222 Bloomingdale Road
                                      White Plains, N.Y. 10605
                                      914-428-8401