```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------X
MARTHA FURLONG,                 :    07 Civ. 3825 (KMK)(GAY)

            Plaintiff,          :    ANSWER TO SECOND
                                     AMENDED COMPLAINT
      -against-                 :

KUMIKI GIBSON,                  :

            Defendant.          :
------------------------------X
```

Defendant KUMIKI GIBSON, ("Defendant"), by her undersigned attorney, ANDREW M. CUOMO, Attorney General of the State of New York, respectfully answers the Second Amended Complaint ("Complaint") and, in accordance with the numbered paragraphs thereof, as follows:

1. Paragraph #1 contains Plaintiff's characterization of this action, to which no response is required. To the extent that a response is required, Defendant denies that Plaintiff has any cognizable claim against Defendant.

2. The first two sentences of Paragraph #2 contain conclusions of law, to which no response is required, except Defendant admits that Plaintiff filed a Charge of Discrimination with the United States Equal Employment Opportunity Commission. The third and fourth sentences of Paragraph #2 are denied.

      3.    Admitted, except that Defendant denies knowledge or information sufficient to respond to the allegation regarding Plaintiff's age.

      4.    Paragraph #4 is a conclusion of law to which no response is required. To the extent that a response is required, Defendant admits that she was appointed in January 2007 to serve as the Commissioner of the New York State Division of Human Rights and that, as a person of African-American and Japanese descent, she is a person of color.

      5.    The first sentence of Paragraph #5 and all characterizations therein are denied, except that Defendant admits that a meeting was held with Division staff throughout the State on or about February 9, 2007, and that, during that meeting, she announced that various administrative and policy changes were being made at the Division. The second sentence of Paragraph #5 is denied.

      6.    Paragraph #6 is a conclusion of law, to which no response is required. To the extent a response is required, all are denied.

      7.    Denied, except to admit that Plaintiff filed for unemployment insurance benefits following her separation from the Division.

8. Paragraph #8 is a conclusion of law, to which no response is required. To the extent that a response is required, all are denied.

9. Defendant incorporates her responses to Paragraphs # 1 through #8 as if set forth fully herein.

10. Paragraph #10 is a conclusion of law, to which no response is required. To the extent a response is required, all are denied.

11. Defendant incorporates her responses to Paragraphs #1 through #10 as if set forth fully herein.

12. Paragraph #12 is a conclusion of law, to which no response is required. To the extent a response is required, all are denied.

The "WHEREFORE" paragraph that follows Paragraph #12 contains conclusions of law, to which no response is required. To the extent a response is required, Defendant denies that Plaintiff is entitled to judgment in this case or to any of relief.

### AS AND FOR A FIRST DEFENSE

13. This Court lacks jurisdiction over the subject matter of the causes of action set forth in the Complaint.

### AS AND FOR A SECOND DEFENSE

14. The Complaint, in whole or in part, fails to state a claim upon which relief can be granted.

### AS AND FOR A THIRD DEFENSE

15. All of the employment decisions made by Defendant and employment actions taken by Defendant were made for legitimate, nondiscriminatory reasons.

### AS AND FOR A FOURTH DEFENSE

16. Defendant acted under the objectively reasonable belief that her acts were proper and in contravention of no clearly established law, and, thus, she is immune from liability in this action.

### AS AND FOR A FIFTH DEFENSE

17. 42 U.S.C. § 1983 provides the exclusive remedy against State actors.

### AS AND FOR A SIXTH DEFENSE

18. Plaintiff's request for damages is barred for, among other reasons, her failure to mitigate her damages.

### AS AND FOR A SEVENTH DEFENSE

19. Plaintiff's claims are barred and/or limited by the doctrines of estoppel, waiver, and/or unclean hands.

## AS AND FOR AN EIGHTH DEFENSE

20. Plaintiff's claims are baseless, and do not warrant any relief including but not limited to compensatory damages, punitive damages or attorneys fees.

WHEREFORE, Defendant demands judgment dismissing the Second Amended Complaint, together with such other relief as the Court deems proper.

Dated: New York, New York
       March 21, 2008

                                    ANDREW M. CUOMO
                                    Attorney General of the
                                     State of New York
                                    <u>Attorney for Defendant</u>
                                    By:


                                    _s/_____
                                    BARBARA K. HATHAWAY
                                    Assistant Attorney General
                                    120 Broadway
                                    New York, New York 10271
                                    (212) 416-8560

TO:  LOVETT & GOULD, LLP
     <u>Attorneys for Plaintiff</u>
     222 Bloomingdale Road
     Suite 305
     White Plains, NY 10605
     (914) 428-8401